**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**UNITED STATES**                                   **21 CR 6100 (CJS)**

                                                    **SENTENCING MEMORANDUM**

**v.**

**RYAN HOWE a.k.a. RYLEA HOWE**

_____

## INTRODUCTION

I represent the defendant, Rylea Howe[1], in the above-captioned criminal case. I submit

this Sentencing Memorandum in support of Rylea Howe's request for an appropriate sentence.

Attached to this Memorandum are the following exhibits submitted for the Court's consideration:

**Exhibit A:** Letter of Acceptance by Rylea Autumn Howe

**Exhibit B:** Letter of Support from Amy D. Amico, Esq.

**Exhibit C:** Letter of Support from Lynne Sanchez-Fries

## PROCEDURAL HISTORY

Rylea Howe will be sentenced on November 18, 2021. On June 24, 2021, she pleaded

guilty to a one-count Information charging Civil Disorder in violation of 18 U.S.C. § 231(a)(3).

---

[1] Rylea's birth name is Ryan. However since childhood Rylea has believed that her gender assigned at birth (male) does not match the gender of which she identifies (female). She is currently transitioning from male to female at Trillium Health in Rochester. Thus, in respect to her wishes, she will be referred to as Rylea/she throughout this sentencing memorandum.

Pursuant to a Rule (c)(1)(B) plea agreement, the parties have agreed that the Rylea Howe's

sentencing guideline range is 0 to 6 months of imprisonment.

Howe's conduct included posting inflammatory statements on Facebook during the Black

Lives Matter protests in Rochester in the summer of 2020. Howe's posts encouraged people to

make Molotov cocktails and throw them at the police. The posts were removed by Facebook and

nobody threw Molotov cocktails at law enforcement. However, Howe accepts responsibility for

her actions and is very remorseful for her conduct.

I have reviewed the August 11, 2021 Presentence Report (PSR) with my client and she

has no objections or changes to it.

## SENTENCING FACTORS

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the United

States Sentencing Guidelines ("USSG") were no longer mandatory. Although the Court must

still properly calculate and consider the advisory Guidelines range, the Court may not presume

this advisory range is reasonable and need only give this range fair consideration before

imposing a sentence. *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008). The advisory

Guidelines range now serves as merely an initial benchmark for sentencing, which is ultimately

considered along with other 18 U.S.C. § 3553(a) factors. *See Rita v. United States*, 551 U.S. 338

(2007); *Kimbrough v. United States*, 552 U.S. 85 (2007); *Gall v. United States*, 552 U.S. 38

(2007). The Section 3553(a) factors include: the characteristics of the offender and offense the

need for the sentence imposed; the legally available sentences; applicable policy statements of

the Sentencing Commission; the need to avoid unwarranted sentencing disparity; and the need to

provide restitution, where applicable. Section 3553(a) mandates that any sentence imposed be

2

sufficient, but not greater than necessary to meet the basic goals of sentencing including retribution, deterrence, incapacitation, and rehabilitation.

In *Gall*, the Supreme Court made clear that sentencing courts have great discretion in formulating appropriate sentences. *Gall*, 552 U.S. at 51 (recognizing that the sentencing judge is in the "superior position" to impose a sentence based on the unique facts and circumstances of the case). "[I]n the end, [the Court] must make an 'individualized assessment' of the sentence warranted by § 3553(a) 'based on the facts presented.'" *Jones*, 531 F.3d at 170 (quoting *Gall*, 552 U.S. at 50). In determining an appropriate sentence, 18 U.S.C. § 3553 mandates the Court to impose a sentence that is "sufficient, but not greater than necessary." Therefore, if the District Court concludes that either of two sentences would properly serve the statutory purposes of § 3553(a), the lesser sentence must be imposed. *United States v. Ministro-Tapia*, 470 F.3d 137, 142 (2d Cir. 2006).

Rylea Howe respectfully requests that the Court take the sentencing factors into consideration. She now requests that the Court sentence her to a time-served sentence to include two years of supervised release.

## THE HISTORY AND THE CHARACTERISTICS OF RYLEA HOWE

Rylea Howe, 28, was born July 27, 1993 to Tammy and David Howe. Tammy and David divorced within one year of Rylea's birth. Following the divorce, Rylea moved with her mother from the rural village of Canaseraga, New York, to Hermitage, New York, in Wyoming County. When Rylea was two years old, her mother married Troy Meyer. Troy worked the night shift at the U.S. Post Office. He and Tammy were married for approximately 10 years.

Troy Meyer was physically and emotionally abusive to the young Rylea. He regularly called her "loser," "stupid," "puke," "faggot" and "retarded." Rylea recently told her mental health counselors at Endeavor Mental Health that she still gets "triggered by anyone calling me a loser because that was his nickname for me basically." Rylea's step-father hit her with belts, his hand, and sticks. He put his hands around Rylea's neck attempting to choke her on more than one occasion. Rylea never told her mother about the abuse, but instead took her feelings out on a punching bag.

When Rylea was eleven years old, she was sexually abused by her older male cousin. Her cousin was the same age and had been molested by his babysitter who told her the molestation was a game. For approximately eight months, Rylea and her cousin "played" having oral sex with each other. Again, Rylea never told anyone about this, but instead started drinking alcohol to ease her anxiety. Rylea's mom was an alcoholic who would buy bottles of Southern Comfort and drink herself to sleep in the afternoons in an effort to forget her troubles. Rylea started doing the same at age 11.

When Rylea was 13 years old, she started questioning her sexuality. She had a bisexual girlfriend who she confided in. She encouraged Rylea to express her true feelings. Rylea recalls



"Abby" from the television show NCIS, played by actress Pauley Perette

borrowing her sister's clothes and dressing as "Abby" from the television show NCIS on Halloween.

When Rylea told her mother that she thought she was bisexual, her mother was supportive, but confused. On the other hand, Rylea's father told her that if she ever brought a boyfriend to his house, he'd "beat the shit out of both of them." When interviewed by counselors at Huther Doyle

4

(where Rylea underwent substance abuse treatment), she told counselors that her relationship with her biological father is strained because he "has never been supportive, he is a homophobic racist with a bad temper."

Throughout high school, Rylea was ridiculed because of her identity and sexuality. She became depressed and started cutting and burning herself. To deal with her feelings, she relied on alcohol and marijuana. At age 16, when her mother found out she was smoking marijuana, she kicked her out of the house. Rylea then went to live with her aunt and cousin (the same cousin who molested her).

Rylea graduated from Keshequa Central High School on June 25, 2011. Following high school, Rylea lived on her own in Canandaigua for a short time and then in Rochester for two years. During that time, she began experimenting with powder cocaine, MDMA, LSD and psychedelic mushrooms, along with binge drinking several times a week. As a teenager, she also fathered a child, Allison Struble, who is now nine years old. Rylea and Allison's mother were in a five-year relationship. However, Rylea has not seen Allison in six years.

As she entered adulthood, Rylea's life continued to spiral out of control. In March 2016, Rylea was living with her maternal grandparents, Richard and Sue Morris. Richard and Sue have always been actively involved in Rylea's life and very supportive. During this time, while driving her grandparent's car, Rylea fell asleep at the wheel, drove off the road and flipped the car. Rylea, who was not injured, was high at the time. The next day, Rylea posted thoughts about committing suicide on her Facebook page. Her friends became concerned and called the police. When the police arrived at Rylea's grandparents' house, they found Rylea in a shed with a noose tied around her neck. She was mental health arrested and admitted to the Behavioral Health Unit at Wyoming County Community Hospital.

While hospitalized, Rylea told hospital staff that she had attempted suicide five times in the past by cutting herself, attempting to overdose, attempting to drown and by attempted hanging. She stated that since she was twelve years old, she has felt her life was not worth living. She had recently been giving her belongings to friends and notifying others what she would like them to have upon her death.

In the hospital, Rylea was diagnosed with unspecified depressive disorder and marijuana use disorder. She was prescribed Zoloft, 50 mg. for depression, Trazodone, 100 mg. for sleep and Atarax, 50 mg. for anxiety. She was referred to Livingston County Mental Health for follow up.

Unfortunately, Rylea did not follow up with Livingston County Mental Health following her hospitalization. Instead, she continued to mask her depression and suicidal thoughts with drugs and alcohol. She began using heroin daily, and then experimented with benzodiazepines and methamphetamine. When her best friend Nate Hillman died from an overdose in December 2016, Rylea's depression plummeted and her drug use soared. She then began freebasing cocaine.

In December 2018, Rylea – in rare moment of sobriety – referred herself to Livingston County Mental Health. She told the agency that she felt her mental health symptoms were becoming worse. Rylea reported hearing voices in her head telling her she is not good enough. She shared that she wanted help with learning how to cope with her feelings without relying on drugs or feeling suicidal. Again, Rylea attended the first three initial intake appointments, but never returned to Livingston County Mental Health for counseling sessions.

In the two years after that, Rylea continued to suffer from serious mental health and substance abuse issues. It was during this time, in 2020, that she became involved in the Black

6

Lives Matter movement. After hearing about the death of Breonna Taylor, she stupidly posted messages on Facebook that her followers should throw Molotov Cocktails at police. Thankfully, the post was quickly removed by Facebook and nobody acted upon it. This is why she is before the Court for sentencing.

Following her federal arrest on September 25, 2020, Rylea was released on her own recognizance with pretrial supervision. She was then required to attend substance abuse treatment at Huther Doyle and mental health counseling at Endeavor.

Rylea attended Huther Doyle for her initial evaluation on October 6, 2020. As of the evaluation, Rylea's use of opioids, sedatives and cocaine were in what Huther Doyle defined as "sustained remission," while her use of alcohol and marijuana were rated as severe disorder (alcohol) and moderate disorder (marijuana). Fortunately, Rylea successfully completed treatment at Huther Doyle in June, 2021. While Rylea doesn't have to attend individual or group counseling anymore, Rylea elected to receive continuous care. Through this continuous care, Rylea receives a monthly check-up telephone call from a Huther Doyle counselor.

Rylea also was assessed for mental health treatment at Endeavor Health Services on November 19, 2020. During her assessment she stated that she was presently suffering from depression, anxiety and schizophrenia, along with struggling with gender and sexuality issues. She defined her gender as non-binary/queer. Counselors found Rylea to be motivated to attend treatment because she felt as though she needed to be there to get better and wanted to work on her depression and reintegration into society.

In March 2021, Rylea established primary medical care at Trillium Health Transgender Center of Excellence. At that time, Rylea's mental health diagnosis were listed as of schizoaffective schizophrenia and generalized anxiety disorder. On May 13, 2021, Rylea was

seen at Trillium for a gender affirming hormone therapy intake. In June 2021, Rylea began

receiving estrogen injections.

Since her federal arrest, Rylea has taken several large steps in treating her mental health

and substance abuse issues, as well as affirming her gender identity. Also since her arrest on

September 25, 2020, Rylea also has complied with every condition of her pretrial release as

indicated in Paragraph 13 of the PSR:

> The defendant was released to pretrial supervision on September 29, 2020. The
> defendant was enrolled in the Random Drug Screening Program beginning on
> October 4, 2020. Urine toxicology screens obtained on October 2, 2020 and October
> 8, 2020 were positive for marijuana, however, the defendant attributed it to marijuana
> use prior to the arrest for the instant offense. Nineteen subsequent urine toxicology
> screens have been negative for illegal substances. The defendant completed a
> substance abuse evaluation at Ruther Doyle on October 6, 2020 and was
> recommended for ongoing treatment. The defendant successfully completed
> substance abuse treatment on June 29, 2021. The defendant completed a mental
> health evaluation at Endeavor Health Services on November I 9, 2020 and was
> referred for ongoing treatment. The defendant remains engaged in outpatient mental
> health treatment. There were no instances of noncompliance noted during the term of
> pretrial supervision.

The fact that Rylea has been sober for over one year now is commendable. She had been

drinking since she was 10 years old. (At one point she was drinking a liter of whiskey a day.)

Rylea has also refrained from any illegal drug use since September 2020. Again, this is

remarkable due to the fact that when she was arrested she had been smoking one gram of

marijuana a day for over ten years and ingesting LSD once a month for the last three years.

Rylea has also obeyed a curfew of 9:00 p.m. to 7:00 a.m. throughout her pretrial release. Rylea

has worked hard to right her wrongs and become a better person.

Rylea is very sorry for the Facebook posts that lead to her arrest. In her letter of

acceptance, she states: "[t]ruthfully, I am immensely remorseful for what I have done. I do not

wish harm or ill will on anyone, and it's disgraceful that I made the choice to act the way I did."

Rylea closes her letter to the Court writing, "[i]n closing, I sincerely hope you understand how

remorseful I am, and that in my sobriety and pursuit of mental health I have been able to not only see my faults clearly, but also point myself on a better path." *See* **Exhibit A**, Letter of Acceptance written to the Court.

Rylea has made great strides since her arrest. She is not a violent person and is deeply sorry for her actions. For this defendant, a custodial sentence would be unnecessary given her success on pretrial release. The Court should consider that any custodial sentence would have the potential to upend the success that she has had over the past year. Furthermore, Rylea is still legally a male and would most likely be imprisoned in a male BOP facility[2]. This would be a huge safety risk given her identity as a woman. It also is unclear if Rylea would continue to receive hormones and medication that she has received during her transition.

Rylea has spent five days in custody for her offense, the only time she has ever been in jail. Aside from a DWI which she received a conditional discharge and community service, she has no prior criminal record. A time-served sentence in this case would be within the sentencing guideline range of 0-6 months of confinement

Rylea does not pose a danger to society and has learned her lesson. She has done very well on pretrial release and needs continued therapy and medical care as she transitions. The Court should consider Rylea's history and characteristics before adjudging an appropriate sentence in her case.

---

[2] Under the Obama administration, the BOP's policies for transgender inmates — known as the Transgender Offender Manual — called for a special Transgender Executive Council to "recommend housing by gender identity when appropriate." That language was changed in the Trump administration to require the Council to "use biological sex as the initial determination." The Trump-era manual, which remains in effect, says the agency would assign an inmate to a facility based on identified gender only "in rare cases." *See* BOP Transgender Offender manual at: https://www.bop.gov/policy/progstat/5200-04-cn-1.pdf

## CONCLUSION

Rylea Howe respectfully requests that this Court consider all of the facts and circumstances discussed above and sentence her to a sentence of time-served to be followed by a period of supervised release with terms and conditions that this Court deems appropriate. Thank you for your consideration of her position.

**DATED**: Rochester, New York
November 9, 2021

Respectfully submitted,

Steven Slawinski
Assistant Federal Public Defender
Federal Public Defender's Office
28 E. Main Street Suite 400
Rochester, New York 14614
(585) 263-2601; FAX: 585-263-5871
Steven_slawinski@fd.org
*Counsel for Defendant Rylea Howe*

**TO:**   Brett A. Harvey
Assistant United States Attorney

Nicholas J. Bavaria, USPO
United States Probation Officer

# EXHIBIT A

Dear Honorable Judge Siragusa,


I have had a lot of time to reflect on my actions that led me to this courtroom. Truthfully, I am immensely remorseful for what I have done. I do not wish harm or ill will on anyone, and it's disgraceful that I made the choice to act the way I did.

For most of my life, I have struggled with alcohol and substance abuse and addiction, as well as with mental illnesses that are both the result of childhood trauma and simply genetics. This has caused me a lot of interpersonal issues such as damaged and estranged relationships with friends and family, as well as caused me to make incredibly poor decisions.

That being said, I take full responsibility for the actions that brought me before you. While alcohol and substance abuse were a catalyst, it was my own decision in the end to make.

In the time that I've been on pre-trial supervised release I have made some incredible strides to get well. I was enrolled in a substance abuse counseling program through Huther-Doyle which I graduated from in June. Though I graduated, I elected to enroll in continuing care; a program in which my counselor contacts me once a month to keep tabs on my sobriety. On the subject of sobriety, I have been sober from alcohol for just about a year at this point! A very big milestone for me in my recovery. Being sober has helped me reevaluate my priorities, and allowed me to approach my mental health in a way I wasn't able to before.

My mental health is still a struggle, but with consistent therapy through Endeavour I have made massive strides in understanding how my mind works, and how to combat my symptoms. With continued care, I hope that one day I will be of a healthy enough mind to finally join the workforce again!

I actually have a lot of plans for the future. Once my sentence is completed, I plan to tour with my band. We are working on starting our own tape label where we will release similar style artists on limited edition cassette tapes. I also plan on getting back into music journalism, as I was writing for The Metal Webzine for a little over a year before I parted ways with them. Music and art are my passions in life, they give me a big reason to keep pushing myself forward.

It hasn't been just me in this journey, however. I have a fantastic support system such as my grandparents Ric and Sue Morris, my bandmate Erik Bardo, and Erik's partner, Matthew. They have helped me in so many ways including allowing me to talk openly about my mental health, identity, and orientation. They've supported me every step of the way in my new approach to both sobriety and mental health. They also support and encourage my future plans that I mentioned before. I am eternally thankful to them.

On the subject of identity, being able to be open about my transition and go through with it both socially and medically has done wonders for my mental and physical health. I have gained more friends than I lost, and have had more support from my mom, sisters and grandparents than I thought I would. Transitioning isn't all peaches and cream though, it does have its own hardship in the society we live in today as well as in terms of things like weekly estrogen injections that I have to give myself. Altogether though, being open about my trans-ness and sexuality has helped me overcome a lot this past year.

In closing, I sincerely hope you understand how remorseful I am, and that in my sobriety and pursuit of mental health I have been able to not only see my faults clearly, but also point myself on a better path.

Sincerely,
Rylea Autumn Howe

# EXHIBIT B

# AMY M. D'AMICO, ESQ.
### ATTORNEY AT LAW



Hon. Charles J. Siragusa
United States District Judge
100 State Street, Room 127
Rochester, New York   14614

c/o

    Steven Slawinski
    28 East Main Street
    First Federal Plaza, Suite 400
    Rochester, New York 14614

Dear Judge Siragusa,

      I am writing to respectfully request the Court's leniency within the guidelines the Court must be bound by, in regard to the sentencing of Rylea Autumn (legal name 'Ryan Howe') for crimes she has pleaded Guilty to and accepted responsibility about. I became acquainted with Rylea in the summer of 2020 following her arrest. Although I have only known her a short time, I can attest that she has expressed her remorse about the way her actions could have endangered others. She told me how sorry she was "that people could've been hurt." There were some in her community who were telling Rylea that nothing she did was wrong and she disagreed with them and accepted a Plea of Guilty as a result.

      I have observed Rylea's dutiful and respectful manner of obeying the Court in following her presentence probation conditions. For instance, I observed Rylea at a poetry reading leave early, because of the condition that she must be home by a certain time. She also told me that she has 100% stopped all drinking; she was very proud of her sobriety, as she should be. She was able to obtain medical insurance through her own diligent persistence making DSS appointments that I observed, and has reported to me that she is doing much better with taking care of her mental illness. That is observably the case. She is scared about sentencing, but overall is not as easily agitated and anxious as when I first knew her, and I think that is because she accepted responsibility and is doing her part of self-care and sobriety to overcome her mental illness. Respectfully, I ask that you consider a sentence of Time Served for Rylea Autumn (legal name Ryan Howe) in consideration of the foregoing facts.

      You may reach me at (585) 465-8080 or MsAmyDAmico@gmail.com should you have any questions about this Letter of Support.

Respectfully submitted,

Amy M. D'Amico, Esq.
31 Vista View Drive
Fairport, Ny 14450
MsAmyDAmico@gmail.com
(585) 465-8080

# EXHIBIT C

To the Honorable Charles L. Siragusa,

I am writing to show my support for, and confidence in, Rylea Autumn. I am aware that Rylea was convicted of civil disorder, and I know this is a serious offence that can carry harsh consequences.

Rylea rented an apartment from a family I've known for several years through Rochester community theatre. Since Rylea and I shared some passions, and the family spoke highly of her and her character, I felt encouraged to connect with her online in the summer of 2020, and we became fast friends. Rylea has helped me be positive and patient in stressful times, she encourages me to be myself and to share my feelings, and she's shown me support and love while I help a friend of mine through chemotherapy treatments. Rylea has been open about some of her struggles with mental illness as well as her positive hopes for the future. She's a musician, an artist, and is kind to animals.

I really admire Rylea. I was recently harassed online from anonymous sources for being friends with her, and I can only imagine how scary and degrading it must be for her to get hate notes like what I received merely for being her friend. It's impressive to me how much forbearance she's displayed on social media when facing vitriol and cruelty—and how she's encouraged others to keep caring for themselves when they face hardships.

It is my hope that Rylea will find support and help from an even greater part of the Rochester community, so that she can continue to have opportunities to volunteer, be artistic, and be the good friend she's been me and to our mutual friends.

With respect,
Lynne Sanchez-Fries
585.414.1616
LSanchezFries@gmail.com
23 Oxford Street
Rochester, NY 14607