IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                            21-CR-6100-CJS

RYAN HOWE a/k/a Rylea Autumn,

      Defendant.

## STATEMENT OF THE GOVERNMENT
## WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE** that the government adopts the findings of the Pre-Sentence Investigation Report (PSR) (dated August 11, 2021) with respect to sentencing factors.

Should the defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three (3) business days prior to sentencing.

The defendant is required by 18 U.S.C. § 3013 to pay the sum of $100 at the time of sentencing. Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United States District Court Clerk.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

> Asset Recovery Division
> U.S. Attorney's Office WDNY
> 138 Delaware Avenue
> Buffalo, New York 14202

If a letter is not received within ten (10) days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

The PSR and the plea agreement both provide for a Sentencing Guidelines range of 0 to 6 months in prison. The government respectfully requests that this Court sentence the defendant within that range and impose a term of supervised release of 3 years. As detailed in the PSR and plea agreement, the defendant – in the midst of several days of protests and civil unrest in the City of Rochester in September 2020 – posted Facebook messages about burning the city and country to the ground, and a Facebook message containing a recipe for Molotov cocktails and a directive to light them and throw them at police officers. This conduct potentially endangered the lives of countless law enforcement officers who were carrying out their duties to protect the residents of this community and protesters during the period of civil unrest. It should be noted that this incident was not the defendant's first contact with law enforcement during the civil unrest in September 2020. On September 2, 2020, the defendant was arrested for inciting a riot and resisting arrest after the defendant picked up, slammed and shook the metal barricades surrounding the Public Safety Building in an effort to agitate approximately 40 protesters who were present there. (PSR at ¶ 17).

The government submits that a sentence within the Sentencing Guidelines range would be sufficient, but not greater than necessary, to achieve the goals of sentencing. Specifically, such a sentence would deter the defendant and others from threatening or inciting violence against law enforcement officers, reflect the seriousness of this offense, promote respect for the law, and provide just punishment for the offense.

DATED:   Rochester, New York, November 15, 2021.

TRINI E. ROSS
United States Attorney

BY:   s/ *Brett A. Harvey*
BRETT A. HARVEY
Assistant United States Attorney
United States Attorney's Office
Western District of New York
100 State Street, Suite 500
Rochester, New York 14614
585/399-3949
Brett.Harvey@usdoj.gov

TO:   Steven G. Slawinski, Esq.
Counsel for the Defendant

Nicholas J. Bavaria
United States Probation Officer Assistant